CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 03 2016

JULIA C. DUDLEY, CLERK
BY: HMcOmead
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| METAPHYZIC EL-ECTROMAGNETI ) | |
| SUPREME-EL, ) | Civil Action No. 7:16-cv-00374 |
|    Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GREGORY HOLLOWAY, et al., ) | By:   Hon. Jackson L. Kiser |
|    Defendants. ) |       Senior United States District Judge |

Metaphyzic El-ectromagneti Supreme-El, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Gregory Holloway, who is the Warden of Wallens Ridge State Prison ("WARSP"), and Correectional Officer K. Massey, who is a WARSP Mailroom Clerk. The court advised Plaintiff that the complaint failed to state a claim upon which relief may be granted, and Plaintiff's amended complaint is before me for consideration. After reviewing Plaintiff's submissions, I dismiss the amended complaint for failing to state a claim upon which relief may be granted.

On August 22, 2014, Plaintiff received mail from the United States District Court for the Eastern District of Virginia ("District Court") that was already opened with its contents previously removed. Staff had removed a money order from the District Court and forwarded it to the WARSP Business Office to be deposited in Plaintiff's inmate trust account. Plaintiff did not sign a legal mail log because prison staff processed the mail as "general mail."

Plaintiff filed an administrative grievance about the mail being opened outside of his presence. Warden Holloway denied the grievance, claiming the envelope did not qualify as legal mail because it was sent from the United States Treasury. A regional administrator disagreed with Warden Holloway and deemed the grievance founded because the mail was considered "legal mail" and was from the District Court.

Plaintiff now sues Warden Holloway and Officer Massey for alleged First Amendment and due process violations. Plaintiff concludes that staff's opening of legal mail outside his presence deprived him access to courts and violated privacy between him and the District Court. Plaintiff further claims Massey and Holloway conspired to commit those violations and that Massey made a "false statement" in furtherance of the conspiracy. Plaintiff seeks, inter alia, damages to compensate for the "experienced delay in receiving the information of both the remaining contents and those that were removed from the legal mail [a]ffecting his ability to timely gather resources and redress the court issues."

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79

2

Case 7:16-cv-00374-JLK-RSB   Document 11   Filed 11/03/16   Page 2 of 4   Pageid#: 66

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff fails to identify a non-frivolous legal claim that a defendant's actions prevented him from litigating. See, e.g., Christopher v. Harbury, 536 U.S. 403, 415 (2002). This requirement means the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." Godfrey v. Washington Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (Turk, J.). Similarly, Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Plaintiff has failed to show Defendants' agreement or a "meeting of the minds." Id. at 1377. Moreover, a claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Finally, Plaintiff fails to identify any defendant's act or omission responsible for the alleged deprivation of a federal right, and Warden Holloway's "after-the-fact denial of a grievance falls far short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist.

---

(2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Sargent, M.J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)). Accordingly, the amended complaint is dismissed for failing to state a claim upon which relief may be granted.

**ENTER**: This 3rd day of November, 2016.

*/s/ Jackson L. Kiser*
Senior United States District Judge